**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Jorge Luis Magana-Lopez,<br><br>  Defendant. | No. CR-11-04200-001-TUC-RCC (JR)<br><br>**ORDER** |

Pending before the Court is Jorge Luis Magana-Lopez's Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Magana-Lopez's motion is brought under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The statute provides that a court may modify a term of imprisonment upon a motion from the defendant when: (1) the defendant has exhausted his administrative remedies; (2) the court has considered the section 3553(a) factors; and (3) the court finds that (i) "extraordinary and compelling reasons warrant such a reduction," or that (ii) the defendant is 70 or over, has been imprisoned at least 30 years, and has been found not to present a danger to the community." A reduction must also be "consistent with [the Sentencing Commission's] applicable policy statements." 18 U.S.C. § 3582(c)(1)(A).

*Administrative Exhaustion*

An inmate must first exhaust his administrative remedies before filing a motion for compassionate release or wait thirty days from the date an inmate requests that the

warden file such a motion on the inmate's behalf. 18 U.S.C. § 3582(c)(1)(A). When an inmate has not exhausted his administrative remedies, the Court has no jurisdiction to waive this requirement. *See e.g., Shaw v. Bank of America Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("'statutorily-provided exhaustion requirements deprive the court of jurisdiction'"); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (the courts should "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). In this instance, Magana-Lopez has made no showing that he has attempted to first exhaust his administrative remedies and provides no reason for failing to do so. The Court, therefore, has no jurisdiction over this matter and cannot grant Magana-Lopez relief.

*Extraordinary and Compelling Reasons for Release*

Even if Magana-Lopez had exhausted his remedies with the Bureau of Prisons (BOP), the Court declines to grant his motion because he does not present an extraordinary case for release. Reducing a sentence under the compassionate release statute is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* 28 C.F.R. § 571.60 (2000). The U.S. Sentencing Guidelines' Application Note § 1B1.13 explains that "extraordinary and compelling" reasons may exist when an inmate suffers from terminal illnesses or serious medical issues from which an inmate is unlikely to recover and when the inmate has served at least 75% of his or her sentence. Even then, reducing a sentence because of a medical issue is "a rare event." *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *2 (quoting *White v. United States*, 378 F.Supp.3d 784, 786 (W.D. Mo. May 9, 2019)).

In the context of pretrial release, some courts have found that the COVID-19 epidemic is a compelling, unforeseeable circumstance. *See United States v. Enos*, No. CR-19-2041-JAS (D. Ariz. Apr. 30, 2020); *see also United States v. Bothra*, No. 20-1364, 2020 U.S. App. LEXIS 16383 (6th Cir. May 21, 2020). However, standing alone, this risk is not extraordinary, but one that every human is coping with at the moment.

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. Apr. 2, 2020); *see also United States v. Roeder*, No. 20-1682, 2020 U.S. App. LEXIS 10246, at *7 (3d Cir. Apr. 1, 2020).

Magana-Lopez has not shown that his circumstances provide a compelling reason to reduce his sentence. He claims he is over 50, has diabetes, and high blood pressure. He believes this puts him at greater risk of contracting COVID-19. He has not, however, alleged that the staff at FCI Oakdale II where he is housed have been unable to successfully monitor these ailments.

He also alleges that the virus is overwhelming his housing facility. Magana-Lopez cites newspaper articles and personal statements in support. But the Government responded with documentation from the BOP, stating that as of June 11, 2020, only one inmate has died of COVID-19, with no current positive inmates. The BOP has also engaged in various measures to reduce the risk of the virus to inmates, including increased sanitation measures, isolation, and testing. Moreover, Magana Lopez has not shown he is less likely to contract the virus if released.

*3553 Factors*

Finally, a reflection upon the 3553 factors does not weigh in favor of Magana-Lopez's release. The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Magana Lopez claims that he is a non-violent offender with a low risk of recidivism. However, he is serving his sentence after receiving prior drug trafficking and illegal entry convictions. He has already been given an opportunity to rehabilitate, and his

contention that he is a low risk of recidivism rings false.

In addition, a reduction does not serve the purpose of the 3553 sentencing factors. Magana-Lopez was convicted of illegal re-entry and possession of heroin with intent to distribute. He is serving concurrent terms of incarceration, the maximum being the 188 months for the heroin possession. He has served less than half of his over 15-year sentence. Reducing his sentence to less than half does not serve the purposes of sentencing and is disproportionate to other similarly situated inmates.

It is Magana-Lopez's burden to show both administrative exhaustion and extraordinary and compelling reasons for release and he has not done so.

Accordingly, IT IS ORDERED Jorge Luis Magana-Lopez's Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED. (Doc. 33.)

Dated this 30th day of June, 2020.

Honorable Raner C. Collins
Senior United States District Judge