**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Jorge Luis Magana-Lopez,

Defendant.

No. CR-11-04200-001-TUC-RCC (JR)

No. CR-12-01231-RCC-BGM-1

**ORDER**

Pending before the Court is Jorge Luis Magana-Lopez's Motions to Reduce Sentence Pursuant to 18 U.S.C 3582(c)(1)(A)(i). (Doc. 47 in CR-12-01231-RCC-BGM-1; Doc. 44 in CR-11-04200-RCC.)[1] Magana-Lopez has informed the Court that his sentence in CR-11-04200-RCC has been completed; the Court will therefore dismiss the motion pending in that case as moot. The Court grants the remaining motion.

## I. Factual and Procedural History

### a. *Conviction and Sentence*

Magana-Lopez was convicted and sentenced to 188 months' incarceration for drug trafficking in CR-12-01231-RCC-BGM-1 (Doc. 24), and 41 months for illegal reentry in CR-11-04200-RCC (Doc. 26) to run concurrently. Since sentencing, his incarceration in CR-11-04200-RCC has been served. (Doc. 44 at 3, n.2.) For the drug trafficking conviction, Magana-Lopez has served about 100 months (approximately 53% of his sentence) thus far. (*Id.* at 17.) He is currently housed at FCI-Oakdale II in Louisiana. (*Id.*

[1] Unless otherwise indicated, citations reference the documents and page numbers created through the CM/ECF database in Case No. CR-11-04200-RCC-JR.

at 3.) His release date is March 28, 2025. (Doc. 44-1 at 2.)

b. *Pro Se Motion for Compassionate Release*

Magana-Lopez filed a pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 33.) On July 1, 2020, the Court denied the motion. (Doc. 35.) The Court explained Magana-Lopez had not exhausted his administrative remedies, but regardless of exhaustion, he was not entitled to relief because he had not presented extraordinary and compelling reasons for release and the § 3553(a) factors did not weigh in his favor. (*Id.* at 2-4.) The Court indicated:

> Magana-Lopez claims that he is a non-violent offender with a low risk of recidivism. However, he is serving his sentence after receiving prior drug trafficking and illegal entry convictions. He has already been given an opportunity to rehabilitate, and his contention that he is a low risk of recidivism rings false.
>
> In addition, a reduction does not serve the purpose of the 3553 sentencing factors. Magana-Lopez was convicted of illegal re-entry and possession of heroin with intent to distribute. . . . He has served less than half of his over 15-year sentence. Reducing his sentence to less than half does not serve the purposes of sentencing and is disproportionate to other similarly situated inmates.

(*Id.* at 3-4.)

c. *Second Motion for Compassionate Release*

On July 10, 2020, the Federal Public Defender ("FPD") filed a Motion for Appointment of Counsel Under General Order 20-28. (Doc. 36 in CR-11-04200-RCC; Doc. 39 in CR-12-01231-RCC-BGM.) The FPD indicated that FCI-Oakdale II is currently suffering from a positive Covid-19 rate of 21% and four inmates had died. (*Id.* at 1-2.) Moreover, there was a pending suit filed by the guards' union over FCI-Oakdale II's failure to take action to prevent the spread of Covid-19. (*Id.* at 2.) The FPD alleged that Magana-Lopez's health conditions combined with the questionable treatment at FCI-Oakdale undermined (1) the Court's determination that Magana-Lopez had not shown extraordinary circumstances, and (2) the Court's assumption that FCI-Oakdale is able to successfully

monitor his health conditions. (*Id.*) The FPD believed that appointing counsel may change the Court's mind about Magana-Lopez's request for compassionate release. (*Id.*) The Court granted the request. (Doc. 37 in CR-11-04200-RCC; Doc. 40 in CR-11-04200-RCC.)

Through counsel, Magana-Lopez filed a second motion for compassionate release. (Doc 44 in CR-11-04200-RCC; Doc. 47 in CR-12-01231-RCC-BGM.) In the motion, Magana-Lopez alleges he suffers from insulin-dependent Type II diabetes, hypertension, and hyperthyroidism. (*Id.* at 3.) He also contends he is obese. (*Id.*) He is 5 feet 8 inches tall and has recorded weight of between 190 and 220 pounds. (*Id.*) Although his current weight is unknown, in the past his body mass index (BMI) has fluctuated between 28.6-32.5. (*Id.* at 11.) He believes that his combination of health issues place him at a higher risk of serious complications if he contracted Covid-19. (*Id.* at 3, 5.)

Further, Magana-Lopez asserts that the Government's position about what constitutes an "extraordinary and compelling" reason for release has recently changed; the Government now recognizes that if a defendant suffers from the health issues listed on the Center for Disease Control's website and is not expected to recover from these conditions, that a defendant has presented an extraordinary and compelling circumstance for the purposes of compassionate release. (Doc. 44 at 13-14.) He believes he meets these standards. (*Id.*)

The Government concedes Magana-Lopez's "[T]ype II diabetes presents an extraordinary and compelling reason allowing compassionate release during the current pandemic." (Doc. 46 at 1.) However, the Government does not believe Magana-Lopez's obesity or hypertension qualify. (*Id.* at 1, n.1.) Despite this concession, the Government claims Magana-Lopez should not be released because he remains a danger to the community and the § 3553(a) factors do not weigh in his favor. (*Id.* at 2.)

///

///

///

## II. STANDARD OF REVIEW

Magana-Lopez's motion is brought under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The statute allows the court to modify a sentence "upon motion of the Director of the Bureau of Prisons," or upon a defendant's motion after he or she has exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Commission explains:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. 1B1.13 (2018). Yet, even if a defendant is eligible, a court has discretion to deny compassionate release. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020)

## III. ADMINISTRATIVE EXHAUSTION

A court may only reduce a term of imprisonment upon a motion for compassionate release by the defendant if he first exhausts his administrative remedies or at least thirty days lapse from the date the defendant requests that the warden file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). Magana-Lopez alleges – and the Government does not rebut – that since the Court's denial of his original motion, Magana-Lopez has exhausted his administrative remedies. (*See* Doc. 44 at 4.) The Court will therefore review the merits of the motion.

## IV. EXTRAORDINARY AND COMPELLING REASONS FOR RELEASE

A court's reduction of a sentence under the compassionate release statute is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *See* 28 C.F.R. § 571.60 (2000). Although not foreseen, the "mere existence" of Covid-19 alone is not enough to justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) ("[T]he existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."). Moreover, reducing a sentence because of medical issues is "a rare event." *United States v. Johns*, No. CR-91-392-TUC-CKJ, 2019 WL 2646663, at *2 (D. Ariz. June 27, 2019) (quoting *White v. United States*, 378 F. Supp. 3d 784, 786 (W.D. Mo. 2019)).

The U.S. Sentencing Commission explains that "extraordinary and compelling" reasons may exist if the defendant is suffering from a terminal illness or from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of the correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A). Alternatively, "extraordinary and compelling" reasons may exist if the defendant is at least 65 years old, experiences "serious deterioration in physical or mental health" caused by the aging process and has served at least 10 years or 75% of his sentence. U.S.S.G. § 1B1.13, cmt. 1(B). Moreover, there is a catchall provision allowing "an extraordinary or compelling reason other than, or in combination with, the reasons" stated above. U.S.S.G. § 1B1.13 cmt. 1(D).

According to the Center for Disease Control, diabetes, hypertension, and obesity are three factors that may increase a person's risk for developing severe complications from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited Nov. 9, 2020) (indicating strong evidence that

obesity and diabetes increase risk of severe complications and mixed evidence of increased risk from hypertension). The Government now concedes that certain ailments qualify as "extraordinary" and "compelling," including Magana-Lopez's Type II diabetes. (Doc. 46 at 7.) The Government states that Magana-Lopez's diabetes is a serious physical condition for which he is unlikely to recover and, in conjunction with the Covid-19 pandemic, qualifies as an "extraordinary" and "compelling" circumstance that could not have been foreseen at the time of sentencing. (*Id.*) The Court agrees.

## V. DANGER TO THE COMMUNITY

The Government's main argument against release is that Magana-Lopez remains a danger to the community because "[h]e is a repeat criminal offender with multiple felony convictions. His current term of incarceration followed convictions in two separate cases involving drug trafficking with a prior conviction for a drug trafficking offense, and illegal reentry of an alien following deportation of an aggravated felon." (Doc. 46 at 8.) The Government posits "[t]he defendant has demonstrated by his repetitive offenses that he is a risk to reoffend and thereby a danger to the community." (*Id.*)

In his reply, Magana-Lopez contends that he is no danger to the community for several reasons. First, he has no history of violence and his previous convictions were for small quantity drug sales. (Doc. 58 at 3.) In addition, the United States Probation Office has already approved his release plan, which includes living with family in Mexico should he be deported, with an approved contingency plan to reside with his daughter in the United States should he be allowed to remain here. (Doc. 58 at 2; Doc. 58-1.) He would be permitted to work on the family farm and fishing business and would be surrounded by family who could support his reintegration into society. (*Id.*) Moreover, he asserts the "purposes of punishment have been met" because he has seen the error of his ways and wishes to be released so he can focus on his health and family. (*Id.* at 4-5.) Furthermore, since being incarcerated he has no disciplinary record, has participated in institutional programming, and his BOP classification has decreased. (*Id.*)

A defendant bears the burden of demonstrating that he poses no danger to the

community upon release. *See* USSG § 1B1.13; 18 U.S.C. § 3142(g).

The Government's argument that Magana-Lopez poses a danger to society because of possible recidivism is unavailing and is not supported by the cases the Government cites, *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) and 455 F. Supp. 2d 1018, 1032 (D. Ariz. 2006). The Government's cases involve fraud convictions which allow that dangerousness may not simply mean physical danger, but also economic and pecuniary danger. However, should Magana-Lopez repeat his past offenses this does not pose a physical, economic, or pecuniary risk. His recidivism weighs into the § 3553(a) factors but in this instance does not make him dangerous.

The Government also argues that release poses a danger to Magana-Lopez beyond the risks he is exposed to while being incarcerated. Yet, the risk to Magana-Lopez while incarcerated appears far greater than if he were to reside with a limited number of family members and work outdoors on a farm.

Magana-Lopez has demonstrated that (1) he has a cohesive plan upon release that would support rehabilitation, (2) he has attempted to reform his behavior while incarcerated, and (3) his prior convictions do not make him a danger to society.

## VI. CONSISTENCY WITH POLICY STATEMENT

The Sentencing Commission's policy statement on compassionate release includes a catchall provision that indicates release may be appropriate when there exists "an extraordinary and compelling reason other than, or in combination with," a defendant's medical condition, age, or family circumstances. U.S.S.G. § 1B1.13 cmt. 1(D) Here the Court finds Magana-Lopez is a 51-year old man who has a serious medical condition that greatly reduces a defendant's ability to care for himself while incarcerated. The Court also determines that the Covid-19 pandemic was not a circumstance that could have been foreseeable at the time of sentencing. Moreover, Magana-Lopez's actions as well as his statements and the statements of family members suggest he has attempted to rehabilitate while incarcerated. Finally, Magana-Lopez does not pose a danger to society upon release. These factors weigh in favor of release and are not inconsistent with the Sentencing

Commission's policy statement. The Court now turns to the § 3553(A) factors.

## VII. § 3553(A) FACTORS

Courts are also required to reflect upon the factors outlined in 18 U.S.C. § 3553(a) when considering a motion for compassionate release "to the extent that they are applicable." U.S.S.G. 1B1.13; 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Magana-Lopez asserts his release would not undermine the § 3553(a) sentencing factors. (Doc. 44 at 15.) He has been a model inmate, thus showing that the purposes of punishment have been met. (*Id.*) For example, the Bureau of Prisons has suggested a decrease in his classification level. (*Id.* at 17.)

As discussed, compassionate release in this case is not inconsistent with the Sentencing Commission's relevant policy statement. Furthermore, there are no victims in this matter. And, Magana-Lopez has shown that he will be able to surround himself with positive influences to reduce the likelihood that he will reoffend. He has been a model inmate, and it appears that he is ready to turn his life around and focus on his family and health, therefore granting compassionate release here would not undermine the purposes of sentencing. The Court has reweighed its previous assessment based on the newly provided information and finds that on balance the scale tips in favor of compassionate release.

///

///

///

///

WHEREFORE, THE COURT FINDS Jorge Magana-Lopez has a chronic illness from which he is not expected to recover and Magana-Lopez's ability to provide self-care against serious injury or death as a result of Covid-19 is substantially diminished, within the environment of a correctional facility, by the chronic condition itself.

Therefore, IT IS ORDERED Jorge Luis Magana-Lopez's Motions to Reduce Sentence Pursuant to 18 U.S.C 3582(c)(1)(A)(i) in CR-12-01231-RCC-BGM-1 (Doc. 47) is GRANTED. Jorge Luis Magana-Lopez's Motion to Reduce Sentence Pursuant to 18 U.S.C 3582(c)(1)(A)(i) in CR-11-04200-RCC (Doc. 44) is DENIED as moot.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3582(c)(1)(A), that the defendant's sentence of 188 months' incarceration for Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Doc. 24) is reduced to time served effective the date of this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3582(c)(1)(A), which states the Court may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment," that the defendant's sentence of imprisonment shall be followed by a term of supervised release, and with the following conditions:

a. The terms of such supervised release shall be the same as the terms of supervised release specified in the judgment and commitment order (Doc. 180), with one exception: the following General Order shall apply: General Order 17-18.

///

///

///

///

IT IS FURTHER ORDERED that before being released from the custody of the federal Bureau of Prisons (BOP), the defendant shall submit to a 14-day quarantine at FCI Oakdale II. After the 14-day quarantine, the defendant shall submit to a health screening by BOP and, if the defendant is found to be exhibiting symptoms consistent with COVID-19 or he is confirmed to have COVID-19, the defendant shall not be released to the public absent further order of the Court.

Dated this 18th day of November, 2020.

Honorable Raner C. Collins
Senior United States District Judge